UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Medlin,   #284627, | ) C/A No.3:08-2661-RBH-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Henry McMaster, Attorney General, State of South Carolina; | ) |
| Robert M. Stevenson, Warden, South Carolina Department of | ) |
| Corrections; and | ) **Report and Recommendation** |
| John Benjimen Alpin, Head of South Carolina Department of | ) |
| Probation and Parole, | ) |
| | ) |
| Defendants. | ) |

_____

The Plaintiff, Paul Medlin (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the Broad River Correctional Institution, serving a one (1) year sentence for a Community Supervision Program (CSP) violation/revocation, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as Defendants: Henry McMaster, Attorney General, State of South Carolina; Robert M. Stevenson, Warden South Carolina Department of Corrections (SCDC); and John Benjimen Alpin, Head of South Carolina Department of Probation and Parole.[2] Plaintiff claims he is being illegally detained at SCDC. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

_____

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

<u>*Pro Se* and *In Forma Pauperis* Review</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915.  This review has been conducted in light of the following precedents:  *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972);  *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless.  *Denton*, 504 U.S. at 31.  In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor.  *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam).*  Even under this less stringent standard, however, the *pro se*

2

complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

<u>Background</u>

Plaintiff's "Statement of Claim" reveals that the instant civil rights action results from Plaintiff being sentenced to one (1) year of incarceration for violating the conditions of his Community Supervision Program (CSP). Plaintiff indicates that he was convicted of Burglary 1st Degree and Intent to Commit Criminal Sexual Conduct 1st Degree and sentenced to serve six (6) years. Plaintiff states he completed his six (6) year sentence and was released on the Community Supervision Program (CSP). Plaintiff's CSP status was revoked after four (4) months and he returned to prison for "a mandatory year." Upon completion of the one (1) year sentence, Plaintiff was again released on CSP status, despite being "6 months over 100% of my original 6 year sentence." Plaintiff's second try at CSP was also unsuccessful and he was sentenced to another "mandatory year" of incarceration, which he is now serving. Plaintiff claims that his original sentence has expired and that he will have served eighteen (18) months beyond his originally

imposed sentence, if not released prior to his "max-out" date. Plaintiff seeks monetary damages for his alleged wrongful imprisonment and immediate release.[3]

<u>Discussion</u>

Plaintiff alleges that the one (1) year sentence, imposed by a South Carolina Circuit Court Judge for a Community Supervision Program (CSP) violation, constitutes an unlawful and unconstitutional confinement. However, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that, in order to recover damages for imprisonment in violation of the constitution, the imprisonment must first be successfully challenged.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-487 (footnote omitted).

---

[3] To the extent Plaintiff seeks to have his sentence vacated, he must file a Petition for Writ of Habeas Corpus. *See Preiser v. Rodriguez,* 411 U.S. 475 (1973)(habeas corpus is the exclusive remedy for a sate prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Plaintiffs challenging a state sentence ordinarily proceed under 28 U.S.C. § 2254, after state remedies have been exhausted.

Until the Plaintiff's sentence is reversed, vacated, or set aside, any civil rights action based on the CSP violation and resulting sentence will be barred because of the holding in *Heck v. Humphrey*.[4]  *See Williams v. Consovoy,* 453 F.3d 173, 177 (3rd Cir. 2006)(prisoner's § 1983 challenge to validity of decision revoking his parole uncognizable due to *Heck*).  *See also Linton v. Sullivan*, No. 98-3239, 1999 WL 503454, at *1 (6th Cir. July 6, 1999)("claim that undermines the validity of [Plaintiff's] parole revocation also challenges the fact or duration of his confinement" )(citing *White v. Gittens,* 121 F.3d 803 (1st. Cir. 1997)).  As Plaintiff makes no allegations that his one (1) year sentence for a CSP violation has been invalidated, this case is subject to summary dismissal.[5]

Next, to the extent Plaintiff seeks monetary damages from the State of South Carolina, South Carolina Department of Corrections, and/or South Carolina Department of Probation and Parole, he is barred from going forward because of Eleventh Amendment immunity.[6]  Although the Eleventh Amendment's language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1889), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be

---

[4] The recent decision of the United States Court of Appeals for the Fourth Circuit in *Wilson v. Johnson*, No. 07-6347, 2008 WL 2854502 (4th Cir. July 25, 2008), does not appear to be applicable because the Plaintiff in the instant action is still in custody and may seek habeas corpus relief.

[5] The limitations period will not begin to run until the cause of action accrues. *See Benson v. New Jersey State Parole Board*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996) ("[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations"); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994)(cause of action does not accrue until the invalidation of sentence or conviction occurs).  *See also Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995) (litigant's cause of action did not accrue until reversal of his conviction).

[6] The Eleventh Amendment provides:  "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

5

sued by its citizens in federal court. Thus, the Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974).

Agencies of the state share this immunity when they are the alter egos of the state. Although it is not completely clear whether Plaintiff wished to name the three listed agencies as separate Defendants in the present action, the suit may be barred by the Eleventh Amendment if the Plaintiff, a private party, seeks to recover money from the state's public funds. *Edelman*, 415 U.S. at 663. In the case *sub judice*, Plaintiff appears to seek damages from the State of South Carolina, the South Carolina Department of Corrections, and the South Carolina Department of Probation and Parole. As an award of damages against these Defendants is barred by the Eleventh Amendment, these three Defendants, to the extent Plaintiff intended them to be separately named parties, are entitled to summary dismissal from the action.[7]

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

August 12, 2008                                    s/Joseph R. McCrorey
Columbia, South Carolina                      United States Magistrate Judge

---

[7] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).